# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AARON RHY BROUSSARD, | Case No. 22-CV-725 (SRN/ECW) |
| Petitioner, | |
| v. | AMENDED[1] ORDER SUMMARILY DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on the third petition for a writ of habeas corpus filed by petitioner Aaron Rhy Broussard, a federal criminal defendant, in recent weeks. *See Broussard v. United States*, No. 21-CV-2484 (SRN/LIB); *Broussard v. United States*, No. 22-CV-385 (SRN/TNL). Broussard has already been advised—twice—that a petition for a writ of habeas corpus is not the correct procedural vehicle through which to challenge the prosecution ongoing against him in federal court. Broussard must instead raise any challenges to the legality of the criminal proceeding within the criminal proceeding itself (and, if necessary, on direct appeal after the prosecution has concluded). *See, e.g.*, *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("It is unnecessary and inappropriate to shop around for a second judge to, in essence, act as an appellate tribunal to review a possible error by the trial judge."). This principle is no less true today than it was when Broussard's earlier habeas petitions were denied.

---

[1] This Order amends the March 23, 2022 Order [Doc. No. 8] to direct the Clerk of Court to enter Judgment. Other than this addition and the designation in the caption of this Order as an "Amended Order," it is identical to the March 23, 2022 Order.

Accordingly, the habeas petition will be summarily denied and this matter dismissed[2] for the reasons explained in greater detail in *Broussard v. United States*, No. 21-CV-2484 (SRN/LIB), 2021 WL 5868719, at *1-2 (D. Minn. Nov. 18, 2021). Broussard's application to proceed *in forma pauperis* will also be denied, *see Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam), and because any appeal from the dismissal would not be taken in good faith, Broussard will be denied *in forma pauperis* status on appeal by this Court should he request it. 28 U.S.C. § 1915(a)(3). Broussard's request for a temporary restraining order will also be denied, as he cannot establish any likelihood of success on the merits of his petition.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The petition for a writ of habeas corpus of petitioner Aaron Rhy Broussard [Doc. No. 1] is SUMMARILY DENIED;

2. This matter is DISMISSED;

3. Broussard's application to proceed *in forma pauperis* [Doc. No. 2] is DENIED;

---

[2] The Court dismisses the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Broussard did not bring his habeas petition under 28 U.S.C. Section 2254, the Court may apply the Rules Governing Section 2254 Cases to his petition. *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

4. Broussard's motion for a temporary restraining order [Doc. No. 5] is DENIED; and

5. It is certified that any appeal from the judgment in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 28, 2022

BY THE COURT:

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge